UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AJAYA JASMINE BLAKE,**

    **Plaintiff,**

v.                                       **Case No.: 8:25-cv-1006-MSS-AAS**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

The Commissioner of Social Security (Commissioner) moves to remand this case for further action under sentence four of 42 U.S.C. § 405(g). (Doc. 15). This request is unopposed. (*Id.* at p. 1).

The Commissioner requests remand with entry of judgment for these reasons:

> On remand, the Commissioner will conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Specifically, Plaintiff will be offered a new hearing.

(*Id.*). The request for remand is made under Title 42, United States Code, Section 405(g). This section of the Social Security Act provides, "The Court shall have power to enter, upon the pleadings and transcript of the record, a

1

judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." See *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Accordingly, the undersigned **RECOMMENDS** that the Commissioner's unopposed motion for entry of judgment with remand (Doc. 15) be **GRANTED**.

**ENTERED** in Tampa, Florida, on September 16, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

2